UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRADLEY KEITH SLEIGHTER

                Plaintiff,        Case No. 1:12-cv-001008

v                                             Hon. Gordon J. Quist
                                             U.S. District Judge

KENT COUNTY JAIL
ADMINISTRATOR, (KENT COUNTY
CORRECTIONAL FACILITY),             Hon. Ellen S. Carmody
                Defendant.        U.S. Magistrate Judge

_____

| | |
|---|---|
| Bradley Keith Sleighter  (**In Pro Per**) | Kimberly A. Koester (P48967) |
| 82 50th SW, Apt. 323 | Ronald W. Chapman (P37603) |
| Wyoming, MI 49548 | CHAPMAN AND ASSOCIATES, P.C. |
| | Attorneys for Corizon Medical Services |
| Paul J. Greenwald (P25368) | 40950 N. Woodward Avenue., Suite 120 |
| Peter A. Smit (P27886) | Bloomfield Hills, MI 49304 |
| VARNUM LLP | (248) 644-6326 |
| Attorneys for Defendant Kent County Jail | |
| Administrator (Kent County Correctional Facility) | |
| Bridgewater Place | |
| 333 Bridge Street NW | |
| P.O. Box 352 | |
| Grand Rapids, MI 49401-0352 | |
| (616) 336-6000 | |

_____

## ANSWER TO COMPLAINT
## AND AFFIRMATIVE MATTERS AND DEFENSES

      NOW COME the Defendant, Kent County Jail Administrator (Kent County Correctional Facility), by and through its attorneys, Varnum LLP, and in response to the Plaintiff's complaint states as follows:

I.     Previous Lawsuits

    A.    Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?  Yes

**ANSWER:** **Does not require an answer by this Defendant.**

  B. If you answer to question A was yes, for each lawsuit you have filed you much answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

    1. Identify the court in which the lawsuit was file. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed. U.S. District Court for the Western District of Michigan.

**ANSWER:** **Admitted – case # 1:12-cv-763**

    2. Is the still pending? Yes

**ANSWER:** **Admitted**

    3. Did you appeal the decision?

**ANSWER:** **Not Applicable**

    4. Is the appeal still pending?

**ANSWER:** **Not Applicable**

    5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? No

**ANSWER:** **Above noted case # 1:12-cv-763 involves different claims and facts.**

II. Place of Present Confinement

If the place of present confinement is not the place you were confined when occurrence that is subject of instant lawsuit arose, also list the place you were confined: Kent County Correctional Facility.

**ANSWER:** **Admitted. Bradley Keith Sleighter was incarcerated at the Kent County Correctional Facility on January 16, 2012, and was released from the Correctional Facility on November 15, 2012.**

III. Parties

A. Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

**ANSWER:** **The Plaintiff is Bradley Keith Sleighter, 82 50th Street SW, Apt. 323, Wyoming, MI 49548.**

B. Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

> Kent County Jail Administration, 701 Ball Avenue, Grand Rapids, MI 49503
>
> Corizon Medical Services, Kent County Correctional Facility, 703 Ball Avenue N.E., Grand Rapids, MI 49503, Inmate Health care Provider

**ANSWER:** **Kent County owns the Kent County Correctional Facility which is operated under the authority and direction of the Kent County Sheriff.**

**Defendant Corizon Medical Services provides medical services at the Kent County Correctional Facility under contract and is separately represented in this matter.**

IV. Statement of Claims

State here, as briefly as possible, the facts of your case. Describe how each defendant is personally involved. Include also, the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related

claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

 On January 16, 2012 I saw my personal physician. A licensed medical doctor in good standing within the local medical community and with the State of Michigan. I received my monthly prescription for pain medication for a chronic deabilitating osteo-neurological pain condition he had been treating monthly for a number of years. I was incarcerated within the Kent County Jail later that day. Upon intake I informed the nurse that I had a prescription for pain medication which I needed to take daily to relieve a chronic pain condition and avoid withdrawl from the medication. She informed me that the jail administration does not allow inmates to receive opioid pain medication per policy. I did not see a doctor and I did not receive my medication. I was involuntarily forced into a painful opioid withdrawl syndrome which lasted close to 1 month. This is not the medically recommended proceedure for the discontinuation of an opioid pain medication. The general medical consensus, among experts, is that the dosage of the medication should be reduced over a period of a least, a minimum of several weeks until the dosage reached 0 mg per day. My argument is that this jail administration violated my right to receive medical treatment by imposing restrictions on its medical provider Corizon medical Services, thus limiting their ability and obligation to provide me with treatment. The jail administration is not a medical governing body and has no authority to implement said policy nor enforce it. The argument the opioid pain medication is a threat to the security and/or the well order of the institution does not hold merit as all medication in this jail is administered under direct observation by licensed health care professionals. In addition, the jail is required by law to administer "methadone" (an opioid) to incarcerated pregnant women who were on methadone maintenance prior to incarceration in order to prevent an acute

4

withdrawl syndrome and this practice is not deemed to be a threat to the security and/or the well order of the institution. Therefore, it cannot be argued that pregnant women receiving methadone while in jail are a lesser threat than chronic pain management patients taking opioids. I also charge that Corizon Medical Services is culpable for complying with an illegal practice implemented by the jail administration and for not chalenging this practice long ago. I would also charge that by being forced into involuntary withdrawl and suffer from a prior chronic pain condition, with no other treatment option available, the administration has made a moral decision to subject me to "cruel and unusual punishment" which we rely on our governing bodies to protect us from, not facilite.

The drug I was prescribed was prescribed by an experienced licensed medical doctor. The drug is approved by the FDA for pain management. I am a citizen of the U.S. and am protected by Federal law preventing state or local government from illegally interfering with my right to receive medical treatment.

Kent County Jail Administration and Corizon Medical Service are guilty of violating my civil rights and I respectfully seek relief from the Federal Courts in this matter.

**ANSWER:** **The claims and allegations are vague and ambiguous and are objected to by the Defendant.**

**The Defendant has no knowledge of the Plaintiff's prior medical conditions and/or treatment or medications prior to being incarcerated on or about January 16, 2012, at the Kent County Correctional Facility or since his release on November 15, 2012, and must leave the Plaintiff to his strict proofs as to those alleged facts.**

**Records show that the Plaintiff advised a medical worker/nurse of medical conditions, medications and the name of his doctor and pharmacy as part of a medical**

5

history review at or shortly after intake. Standard procedure is for the medical contractor's staff to verify that information and to provide appropriate and medically proper care and/or medication. This Defendant was not privy to all of this exchange and must leave the Plaintiff to his strict proofs.

This Defendant does not know what the nurse in question did or did not say to the Plaintiff and must leave the Plaintiff to his strict proofs.

Policy/Procedure regarding medical care is governed by the medical Policy/Procedure Manual maintained by the medical contractor and in accordance with accepted and proper medical standards. This Defendant is not a medical professional and details of medical care and treatment are determined by medical care professionals working for the medical contractor.

The medical records maintained by the contractor at the Kent County Correctional Facility show that Plaintiff did receive medical care and medications while at the Correctional Facility. It is clear there was no denial of medical care. His claim appears to be one of disagreement with the nature or quality of care which is a medical issue. This Defendant is not a medical professional subject to such claims nor qualified to fully respond and must leave the Plaintiff to his strict proofs as to the facts and medical practice issues he raises in his complaint.

It is denied that the Plaintiff's civil rights as alleged above have been violated or denied and he is left to his strict proofs as to all particulars alleged.

It is further denied that the Defendant denied or caused the denial of any necessary and proper medical care or had deliberate indifference to Plaintiff's medical needs.

**The Plaintiff is left to his strict proofs as to the allegations and arguments of law and facts he raises as they are false, mistaken or unknown to the Defendant.**

**The Defendant specifically denies any 8th Amendment violation of "Cruel and Unusual Punishment" as alleged by the Plaintiff.**

**Any and all other allegations or causes of action that may be gleaned or construed from the Plaintiff's narrative complaint are denied by the Defendant.**

V.  Relief

State briefly and precisely what you want the court to do for you.

I seek relief through the court in the form of punative action, as well as damages for pain and suffering from Kent County Jail and Corizon Medical Services. I also want to set presidence in the above matter so as to prevent this misuse of administrative authority from happening to others in the future.

**<u>ANSWER:</u>** **The Plaintiff is not entitled to injunctive relief as he is not an inmate of the Kent County Correctional Facility since November 15, 2012.**

WHEREFORE, the Defendant asks the Court for a finding of no cause of action and costs and fees as it may be entitled to under the statutes and court rules.

                                                  Respectfully submitted,

                                                  VARNUM LLP
                                                  Attorneys for Defendants Kent County Jail Administrators (Kent County Correctional Facility)

Dated: _____         By:_____
                                                      Paul J. Greenwald (P25368)
                                                 Business Address and Telephone:
                                                   Bridgewater Place, P.O. Box 352
                                                   Grand Rapids, Michigan 49501-0352
                                                   (616) 336-6000

**AFFIRMATIVE DEFENSES**

NOW COME the Defendant, Kent County Jail Administrator (Kent County Correctional Facility), by and through its attorneys, Varnum LLP, and state as follows as its Affirmative Matters and Defenses:

1. All or part of Plaintiff's claims may be barred by the applicable statute of limitations or repose.

2. All or part of Plaintiff's claims may be barred by the doctrine of governmental immunity.

3. All or part of Plaintiff's claims may be barred by the doctrine of qualified immunity.

4. To the extent that the Plaintiff's allegations can be construed to state a cause of action against the Sheriff, the Sheriff cannot be held liable under a theory of *Respondiat Superior*.

5. Defendant has immunity to Plaintiff's request for money damages under the 11th Amendment.

6. Plaintiff has failed to mitigate his damages.

7. To the extent that the Plaintiff's Complaint can be construed to name the county of Kent or the Kent County Sheriff as Defendants, they are entitled to immunity under the theory of governmental immunity under state law causes of action.

8. The Plaintiff has failed to exhaust his administrative remedies.

9. The Plaintiff has failed to state facts to support or allege the required deliberate indifference to his medical needs.

10. None of the acts of the Defendant, Kent County Jail Administrator, or alleged failures to act about which the Plaintiff complains were malicious, willful, wanton, or in reckless disregard of the Plaintiff's rights.

11. The Defendant, Kent County Jail Administrator, acted in good faith.

12. Plaintiff's claims for injunctive relief are bared as moot due to Plaintiff's release from incarceration.

13. Such other and further defendant as may prove applicable after further investigation and discovery.

Respectfully submitted,

VARNUM LLP
Attorneys for Defendant, Kent County Jail Administrator (Kent County Correctional Facility)

Dated: _____  By:_____
Paul J. Greenwald (P25368)
Business Address and Telephone:
Bridgewater Place, P.O. Box 352
Grand Rapids, Michigan 49501-0352
(616) 336-6000

## CERTIFICATE OF SERVICE

I certify that on _____, the foregoing document was served on Bradley Keith Sleighter by placing a true and correct copy in the United States mail, postage prepaid, to his address of record at Bradley Keith Sleighter, 82 50th SW, Apt. 323, Wyoming, MI 49548.

By:_____
Paul J. Greenwald (P25368)
Business Address & Telephone:
Bridgewater Place, P.O. box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

5798579_1.DOCX