1

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRADLEY KEITH SLEIGHTER,**

      Plaintiff,　　　　　　　　　　　　　　Case No. 1:12-cv-1008

　　　　　　　　　　　　　　　　　　　　　　　　Honorable Judge:
　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST

v.

**KENT COUNTY CORRECTIONAL FACILITY**
　**ADMINISTRATION,**
**UNDER SHERIFF HESS and**
　**CAPTAIN RANDY DEMORY,**

      Defendants.

### "FIRST AMENDED COMPLAINT" IN SUPPORT OF MOITION TO CERTIFY CASE NUMBER 1:12-CV-1008 AS 'CLASS ACTION'

### STATEMENT OF FACTS

     1. The original "Complaint" (Docket #1) was filed solely upon the information provided for the Plaintiff's particular set of circumstances. The complaint was filed from the confines of the Kent County Correctional Facility (KCCF) and with limited access to legal material to advance and sustain a complaint under 42 USC § 1983. The Plaintiff now files a "First Amended Complaint" (FAC) under the provisions of 42 USC § 1983, and relies upon the information contained herein to support the "*claim(s)*" of the Plaintiff as well as to support the "*claim(s)*" of a "*Class*" and alleges the following herein:

     2. Plaintiff, Bradley Keith Sleighter, was incarcerated in the Kent County Correctional Facility from January 16th, 2012 through November 15th, 2012.

a. *"Prisoner"* is defined identically in 28 U.S.C. §§ 1915(h) and 1015A(c) and 42 U.S.C. § 1997e(h) as "any person subject to incarceration, detention, or admission in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program".

3. Plaintiff received treatment, as a patient, for a chronic osteo-neurological pain condition, from Ricardo Garza MD, from February 13th, 2007 through January 16th, 2012, before being incarcerated in KCCF.

a. Dr. Ricardo Garza is a licensed medical doctor (MD), in good standing within the local medical community, the State of Michigan, and is licensed by the DEA to prescribe controlled substances; including "opiates" and methadone.

b. Plaintiff received a legal prescription for the "opioid" pain medication, methadone, on January 16th, 2012 and was incarcerated in the KCCF later that day with prescription in hand (see exhibit #1).

(1). Methadone is approved by the US Food and Drug Administration for chronically moderate to chronically severe pain. Methadone is also approved for use in "Methadone Maintenance Programs" (MMP) to treat "illicit opiate" addiction.

4. Plaintiff was denied his medication, without seeing a jail physician and without receiving a medical doctor's order to discontinue the medication Dr. Garza had just prescribed for the Plaintiff, the same day he was arrested.

a. Plaintiff was informed that KCCF's *"policy"* prohibits "opioid" medications in the facility, and said *"policy"* was created and implemented by the jail administration and is not the *"policy"* of its medical provider, Corizon Health Services, Inc.

b. Due to Plaintiff being denied his medication he experienced a painful and burdensome withdrawal syndrome, detailed and supported in and by medical literature, and alleges *"injury"* as a result of both the *"physical"* symptoms and the *"cognitive"* symptoms (described below) for a period of 30 to 90 days.

(1). Withdrawal symptoms [from methadone] have shown to be up to twice as severe than those of morphine or heroin at equivalent doses and are significantly more prolonged; methadone withdrawal symptoms can last for several weeks or more. A general guideline is a 1:1 ratio for trouble free detoxification. Being on a constant dose of 100 mg. for one year, can take 18-24 months for safe detoxification. **At high maintenance doses, sudden**

**cessation of therapy can result in severe withdrawal symptoms lasting from weeks to months.[1]**

(2). "*Physical*" symptoms include[2]:

- Lightheadedness
- Tearing
- Runny nose
- Yawning
- Sneezing
- Nausea
- Vomiting
- Diarrhea
- Severe Itching
- Fever
- Sweating
- Chills
- Tremors
- Akathisia
- Tachycardia
- Aches and pains, often in the joints and/or legs
- Elevated pain sensitivity
- Elevated blood pressure (may cause stroke)

(3). "*Cognitive*" symptoms include[3]:

Suicidal Ideation

- Susceptibility to Cravings
- Depression
- Reduced breathing (may be fatal between 2–4 hours)
- Spontaneous orgasm
- Prolonged insomnia
- Delirium
- Auditory hallucinations
- Visual hallucinations
- Increased perception of odors (olfaction), real or imagined
- Marked decrease or increase in sex drive
- Agitation
- Anxiety
- Panic disorder
- Paranoia

---

[1] Taken from "METHADONE" citation, Wikipedia (Internet source).
[2] Ibid.
[3] Ibid.

- <u>Delusions</u>
- <u>sudden death</u>

     5. In *Prewitt v. Roos*, the United States Court of Appeals for the Ninth Circuit reviewed a case where it was alleged that jail officials had failed to properly administer pain medication and follow post-operative instructions after Prewitt's hand surgery. Prewitt had hand surgery while in jail and received discharge instructions from the hospital. "There is no factual dispute that numerous doctors' prescriptions for Prewitt's pain medication were deliberately not followed. As a result of the defendants' interference with Prewitt's prescribed medical treatment, his pain was allegedly considerably exacerbated. This interference violated Prewitt's constitutional rights."

     a. The court rejected the defense that officers were following the jail's medication dispensing schedule as an excuse for failing to follow the doctor's orders. The court held: "a reasonable jury could find on the summary judgment record that the defendants' reliance on the jail's medication dispensing schedule is an insufficient justification for the defendants to prevail, particularly in light of the competing directive in the same <u>health care</u> manual that prescribed medication 'will be administered in the prescribed dosage at the prescribed time.'"

     b. "A delay in providing medical treatment does not constitute deliberate indifference unless the delay was harmful. *Hunt v. <u>Dental</u> Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (internal citation omitted); see also *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (*Eighth Amendment* is only violated if 'delays occurred to patients with problems so severe that delays would cause significant harm and that Defendants should have known this to be the case').

     (1). Plaintiff alleges "*deliberate indifference*" to serious medical needs by institution and sustainment of the Defendants' "*illegal policy*" denying the Plaintiff his medication, which resulted in "*harm*" to the Plaintiff.

     (2). Plaintiff alleges failure of "*due process*".

     (3). Plaintiff alleges "*cruel and unusual punishment*".

     (4). Plaintiff alleges Defendants violated his right to "*equal protection*" under the law.

     (5). Plaintiff alleges that Defendants "*illegal policy*" "*inflicted unnecessary and wanton infliction of pain*" upon the Plaintiff.

     (6). Plaintiff alleges that the Defendants' "*illegal policy*" denies prisoners "*adequate medical care*"; and

     A. Prison officials are obligated under the Eighth Amendment to provide prisoners with adequate medical care, see Estelle v. Gamble, 429 U.S. 97, 103 (1976). This principle applies regardless of whether the

medical care is provided by governmental employees or by private medical staff under contract with the government; see West v. Atkins, 487 US 42, 57-58 (1988) and Richardson v. McKnight, 521 US 399 (1997).

6. Plaintiff claims that KCCF allows pregnant women on "Methadone Maintenance Programs", prior to their incarceration, to receive "methadone" during their stay in jail. This practice is neither viewed to be a threat to the security and/or the well order of the institution, nor is it seen as a "hindrance" or "obstacle" that would restrictive any means to further, secure or insure any compelling governmental interests; and

a. as a result of allowing pregnant women "methadone" the Plaintiff claims denial of *"equal protection"* under the law by the defendants *"illegal policy"*.

7. Contrary to Defendants' belief and argument Plaintiff is not alleging dissatisfaction with medical treatment while incarcerated, but rather is claiming that the Defendants *"illegal policy"* of not allowing "opioid" drugs to be used in the jail violates it's inmate population's and Plaintiff's civil rights; relying on the information contained herein, "Statement of Facts", to detail and support the allegations as to the extent of these violations.

## DEFENDANTS

8. Defendant Under Sheriff of KCCF is the ultimate decision maker with the authority to approve all KCCF policies. The current Under Sheriff of KCCF is Jon Hess, who is being sued in his *"official"* and *"personal"* capacity. The captain of KCCF operations is Captain Randy Demory, who initiated said sustains said *"illegal policy"*, and played and/or plays a role in denying a class of medication(s) to the Plaintiff(s) and other inmates at KCCF, and is being sued in his *"official"* and *"personal"* capacity; as well as establishing a *"Class"* under the provisions of FRCP, Rule 23.

9. KCCF receives federal funding as well as funding from the State of Michigan and is an *"institution"* within the meaning of 42 U.S.C. § 1083 and 42 U.S.C. § 1997, therefore is required to comply with federal and state standards and laws, as well as, uphold and maintain its prisoners' civil rights.

10. KCCF Administration, Under Sheriff Jon Hess and Captain Randy Demory, have designed, implemented, enforced, and sustain an illegal *"illegal policy"* that is the sole moving force and /or factor in violating its inmate populations and the Plaintiff's civil rights.

## JURISDICTION AND VENUE

11. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1345.

12. I am authorized to initiate this action against Defendants under 42 U.S.C. § 1983.

13. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [42 USC §] 1983." [Therefore, venue is proper]. (*Monell v. Dept. of Social Services of New York* (1978) 436 U.S. 658, 694 [98 S.Ct. 2018, 56 L.Ed.2d 611].)

14. Venue is proper in U.S. District Court for the Western District of Michigan Southern Michigan pursuant to 28 U.S.C. § 1391(b). Defendants operate KCCF, located in the State of Michigan, County of Kent and the City of Grand Rapids. Defendants incarcerate in the KCCF inmates who prior to incarceration, including pre-trial detainees, had been receiving prescription "opioid" medication through legal channels, including Methadone Maintenance Patients in compliance with Federal Law and the Defendants denied said patients access to their prescribed medication by their instituted *"illegal policy"* banning use of "opioid" medications; all of the events, actions, lack of actions, omissions giving rise to this claim have occurred in the KCCF, and were initiated and sustained by the Defendants.

## FACTUAL ALLEGATIONS

15. The plaintiff incorporates by reference the allegations and references set forth in paragraphs 1-14; and alleges that,

16. The Defendants have implemented an *"illegal policy"* or otherwise hindered its medical provider from providing medical treatment to inmates in their custody who require "opioid" medication (a *"Class"*) in accordance with their medical needs and in accordance with what the law allows.

17. Defendants *"illegal policy"* of denying its inmate population "opioid" medications, an entire class of FDA approved pharmacological therapeutic agents, constitutes a *"substantial burden"* on the medical treatment of prisoners in their custody, and that the denial of this, by an through its *"illegal policy"*, is not the least restrictive means to further, secure or insure any compelling governmental interests, as seen by allowing pregnant woman the medication(s).

18. Therefore, KCCF's *"illegal policy"* of refusing to provide medically appropriate "opioid" pain treatment and/or "Methadone Maintenance Treatment", violates the constitutional right(s) of those incarcerated and who require such medication(s), and especially in the case of

being a pretrial detainee, of which the Plaintiff was during his illegally enforced "*opioid*" withdrawal syndrome, which resulted in "*harm*" to the Plaintiff.

19. This complaint meets the burden of proof and fulfills the requirements outlined in 42 U.S.C. § 1983:

 a. This action fulfills the requirement of being against a "*person*" in that the Defendants acted in an "*individual*" capacity by implementing restrictions on its medical provider, which is something they are not entitled to in their "*official*" capacity which is judicial and custodial, not medical.

  (1). The Defendants are neither Medical Doctors, Pharmacologists, or part of any medical governing body and are not medically and/or legally qualified to make a "*policy*" which effects the treatment of its inmate population.

 b. The Defendants acted "*under the color of law*".

  (1). Defendants acted in an "*official capacity*".

  (2). The Defendants acted in a "*personal capacity*".

 c. The Defendants have violated a federal constitutional right(s) and/or (a) right(s) under federal law and Plaintiff relies on the above detailed arguments (paragraph 4a, b(1)(2)(3)(4)(5)(6) and fully incorporates them herein. The Plaintiff identifies the Defendants : KCCF Administration, Under Sheriff Jon Hess, and Captain Randy Demorys' "*actions*", "*lack of actions*", past, present, and future, as the sole moving force and/or factor that initiated violation(s) of prisoners civil rights resulting in "*injury*" to its' inmate population, and Plaintiff, at any given time and which Plaintiff is a member of the "*Class*".

 d. Plaintiff, Bradley Keith Sleighter, was incarcerated in the Kent County Correctional Facility from January 16th, 2012 through November 15th, 2012.

  (1). "*Prisoner*" is defined identically in 28 U.S.C. §§ 1915(h) and 1015A(c) and 42 U.S.C. § 1997e(h) as "any person subject to incarceration, detention, or admission in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program".

 19. I, the plaintiff, was the recipient of the Defendant's "*action(s)*" and/or "*lack of action(s)*" suffered because of it, in both a "*physical*" and a "*cognitive*" manner and claim "*injury*" as a result thereof.

 a. The Defendants' "*illegal policy*" results in "*injury*" to its inmate population which is a "*Class*", of which Plaintiff is a member.

## CLAIM FOR RELIEF

20. Relief is appropriate under the provisions outlined in 42 USC § 1983 and can be realized by both the Plaintiff and a *"Class"* of which the Plaintiff is a member.

    a. Plaintiff seeks *"punitive"* relief against the Defendants for violating his civil rights which resulted in *"pain and suffering"*.

    b. *"Punitive"* relief is appropriate against the Defendants for its implementation of an *"illegal policy"* that, at its end result, which is/was to inflict *"pain"*, *"suffering"* and *"injury"* upon its inmate population (a *"Class"*), of which the Plaintiff was a member, from January 16th, 2012 to November 15th, 2012.

    c. *"Compensatory"* relief is appropriate for the Plaintiff's *"pain"*, *"suffering"* and *"injury"* as a result of Defendants' *"action(s)"* and/or *"lack of action(s)"*

    d. The *"Class"*, of which the Plaintiff is a member, can realize *"declaratory"* and/or *"injunctive"* relief.

    e. Such other relief as the interest of justice may allow and require; as to be determined by the Court(s); can be realized by the Plaintiff as well as the *"Class"*.

## FINAL STATEMENT OF FACT

21. The plaintiff incorporates by reference the allegations and information set forth in paragraphs 1-20 and is fully set forth herein in support of fulfilling the requirements of 42 USC § 1983.

22. This complaint meets the burden of proof and fulfills the requirements outlined in 42 U.S.C. § 1983:

    a. This action fulfills the requirement of being against a *"person"* in that the Defendants acted in an *"individual capacity"* by implementing an *"illegal policy"* on its medical provider, which is something they are not entitled to do in their *"official capacity"* which is judicial and/or custodial, not medical.

    b. The Defendants acted *"under the color of law"*.

    c. The Defendants violated a federal constitutional right(s) and/or a right(s) under federal law and state law.

    d. I, the plaintiff, was the recipient of the Defendant's "*action(s)*" and/or "*lack of action(s)*" suffered because of it in both a "*physical*" and "*cognitive*" manner, and suffered "*injury*" and/or "*harm*".

    e. The Plaintiff alone or as a member of a "*Class*" can realize relief.

 23. Plaintiff respectfully requests that the court accept this document as the "First Amended Complaint" in support of "*certifying*" case number 1:12-cv-1008 as "Class Action".

Dated: March 12th, 2013

                Bradley Keith Sleighter
                82 50th Street SW, Apt. 323
                Wyoming, Michigan 49548

                Phone: (616) 805-0885
                Email: bradsleighter@gmail.com

## CERTIFICATE OF SERVICE

 I, the plaintiff, certify that on March 12th, 2013, a true and correct copy of "First Amended Complaint in Support of Motion to Certify Case Number 1:12-cv-1008 as Class Action", was sent to Kent County Facility by electronic email at kentsheriff@kentcountymi.gov and addressed to all Defendants. That a true and correct copy was placed in the US mail, postage prepaid, to The US District Court, 110 Michigan NW, Grand Rapids, Michigan 49503.

Mailed by:

                Kathie Moore

Plaintiff:

                Bradley Keith Sleighter
                82 50th SW, Apt. 323
                Wyoming, Michigan 49548