UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRADLEY KEITH SLEIGHTER

               Plaintiff,               Case No. 1:12-cv-001008

v                                              Hon. Gordon J. Quist
                                              U.S. District Judge
KENT COUNTY JAIL
ADMINISTRATION, and
CORIZON MEDICAL SERVICES,         Hon. Ellen S. Carmody
               Defendants.           U.S. Magistrate Judge

_____

| | |
|---|---|
| Bradley Keith Sleighter (**In Pro Per**)<br>82 50th SW, Apt. 323<br>Wyoming, MI 49548 | Kimberly A. Koester (P48967)<br>Ronald W. Chapman (P37603)<br>CHAPMAN AND ASSOCIATES, P.C.<br>Attorneys for Corizon Medical Services |
| Paul J. Greenwald (P25368)<br>Peter A. Smit (P27886)<br>VARNUM LLP<br>Attorneys for Defendant Kent County Jail<br>Administration<br>Bridgewater Place<br>333 Bridge Street NW<br>P.O. Box 352<br>Grand Rapids, MI 49401-0352<br>(616) 336-6000 | 40950 N. Woodward Avenue., Suite 120<br>Bloomfield Hills, MI 49304<br>(248) 644-6326 |

_____

**BRIEF IN RESPONSE BY DEFENDANT KENT COUNTY JAIL
ADMINISTRATOR TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**I. INTRODUCTION**

This suit is for the alleged denial of medical care or medications to the Plaintiff. The complaint is vague as to specific legal theories or specific constitutional rights allegedly violated. The Plaintiff states, "My argument is that this jail administration violated my right to receive medical treatment by imposing restrictions on its medical provider, Corizon Medical Services, thus limiting their ability and obligation to provide me with treatment." (Doc. #1, Complaint,

page 3 of 5) This would seem to be an Eighth Amendment, deliberate indifference argument or cruel and unusual punishment argument but the Complaint does not state a particular theory other than saying, "Kent County Jail Administration and Corizon Medical services are guilty of violating my civil rights and I respectfully seek relief from the Federal Courts in this matter." (Doc. #1, Complaint, page 4 of 5)

The Plaintiff has now filed a motion to Certify this case as a "Class Action." (Doc. #18) For the reasons in Defendants' response, the Plaintiff's request should be denied. Along with the Motion to Certify case 1:12-cv-1008 as "Class Action" (Doc. #18), the Plaintiff has filed as exhibit 1, what is called "First Amended Complaint." (Doc. #18-1) That amended complaint, however, has not been filed properly under the Court Rules and served properly as an amended complaint. It is, for all practical purposes, an exhibit to a motion and a statement that the Plaintiff would like to amend his complaint to state what is contained therein at some future date.

FRCP, Rule 15(a)(1) allows for an amendment of a complaint: (A) 21 days after serving it (that has long since passed); or (B) 21 days after the filing of a responsive pleading (that also has long since passed). FRCP Rule 15(a)(2) says the Plaintiff needs the consent of the other parties or the Court's leave to file an amended complaint. (Doc. #18-1) is meaningless at this point.

The controlling document at this time remains the Complaint filed by Plaintiff (Doc. #1) to commence this action.

## II. LACK OF STANDING

The Plaintiff seeks monetary damages for his claimed injury in the Complaint. (Doc. #1) He may be able to recover those damages if he can prove his case. However, the theory of recovery in the Plaintiff's request for class action is basically for injunctive relief. The Plaintiff

2

was released from the Kent County Correctional Facility on November 14, 2012, and does not have standing to seek injunctive relief and could not be lead Plaintiff in a class action seeking injunctive relief. *Cockcroft v Kirkland*, N.D. Cal. 2008, 548 F. Supp. 2d 767; *Smith v Cooper*, C.A. 7 (Ill.) 2003, 83 Fed Appx. 837, 2003, WL 23095527.

### III. STANDARDS FOR OBTAINING CLASS CERTIFICATION

To obtain class certification, the moving party must satisfy four prerequisites enumerated in Rule 23(a) of the Federal Rules of Civil Procedure and at least one of the requirements of Rule 23(b). Under Rule 23(a), the party seeking certification must establish (1) that the class is so large that joinder of all members is impracticable ("numerosity"); (2) that one or more questions of law or fact are common to the class ("commonality"); (3) that the named parties' claims are typical of the class ("typicality"); and (4) that the class representative will fairly and adequately protect the interests of other members of the class ("adequacy of representation"). Fed. R. Civ. Pro. 23(a). The moving party must also set forth a class that is ascertainable and clearly identifiable. *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981). The party seeking certification bears the burden of establishing that he meets the requirements of Rule 23(a) and (b). *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). "In addition, both the Supreme Court and [the 6th Circuit] require that a district court conduct a 'rigorous analysis' of the Rule 23(a) requirements before certifying a class." *Pipefitters Local 636 Ins. Fund v. BCBS of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011) (*citing Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161 (1982); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)); *see also Romberio v. Unumprovident Corp., ERISA*, 385 Fed.Appx. 423, 428 (6th Cir. 2009).

## IV. ARGUMENT

In this case, the Plaintiff is proceeding *pro se*, and for that reason alone his Motion for Class Certification must be denied. A "*pro se* litigant without legal training who is representing himself" is simply not "able adequately to represent" a "proposed class." *Heard v. Caruso*, 351 Fed.Appx. 1, *15 (6th Cir. 2009); *see also*, *Miller v. Cnty. of Nassau*, No. 12-cv-4164, 2012 WL 4741592, *1 (E.D.N.Y. Oct. 3, 2012) ("because plaintiffs are proceeding *pro se* they cannot represent anyone other than themselves"); *Hudson v. Caruso*, No. 1:10-cv-58, 2011 WL 1042296, *3 (W.D. Mich. Jan. 24, 2011) ("even if plaintiffs could satisfy the first three requirements [of Rule 23(a)] unrepresented *pro se* prisoners are not adequate class representatives able to fairly represent a class of plaintiffs"). *See generally Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (the "[a]bility to protect the interests of the class depends in part on the quality of counsel and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others . . . it is plain error permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

Class certification would also be inappropriate in this case due to the many issues that would need to be decided on an individual basis. These issues would include, without limitation: (1) the medical needs and circumstances of each plaintiff and the views of more than one physician or expert about those circumstances, conditions and medical needs; (2) the availability of non-narcotic medications and the effectiveness of those drugs as a substitute; (3) the risk of introducing addictive or narcotic medications into the general population of a county jail; and (4) the extent to which each of the class members has or has not exhausted his/her administrative remedies, *Hudson v. Caruso*, 2011 WL 1042296 at *5-9 (recognizing the duty to exhaust). None

of these issues could be decided on a class action basis, but instead, would require individualized proofs, which would defeat the purposes of class certification.

Another problem is that the class is ill-defined. *Simer*, 661 F.2d at 669 (moving party must set forth a class that is ascertainable and clearly identifiable). Plaintiff is seeking to represent a class of persons in which it is unclear if they need certain medicine, whether there are available substitute medications, whether the individual would suffer any harm and what risk there is to jail safety. This description is unclear, and does not provide sufficient information for purposes of deciding who is in the class and who is not.

Lastly, it would be inappropriate to certify this case as a class action in that the Plaintiff's claims are subject to defenses (i.e., refusal to participate in discovery and mootness), which are unique to the Plaintiff. Because these defenses are unique to Plaintiff, they would preclude Plaintiff from meeting the "typicality" or "adequacy" requirement. *See, e.g.*, *Martinez*, 2011 WL 1130458 at *10 (noting that "defenses unique to a class representative" may counsel against class certification).

## V.  CONCLUSION

Based on the foregoing, the Court should deny the Motion for Class Certification.

                              Respectfully submitted,

                              VARNUM LLP
                              Attorneys for Defendants

Dated: April 3, 2013                By:\_\_/s/  Paul J. Greenwald_____
                                              Paul J. Greenwald (P25368)
                                  Business Address and Telephone:
                                      Bridgewater Place, P.O. Box 352
                                      Grand Rapids, Michigan 49501-0352
                                      (616) 336-6000

## CERTIFICATE OF SERVICE

  I certify that on April 3, 2013, the foregoing document was served on Bradley Keith Sleighter, by placing a true and correct copy in the United States mail, postage prepaid, to his address of record at 82 - 50th S.W., Apt. 323, Wyoming, MI  49548.

            By: /s/ Paul J. Greenwald_____
              Peter A. Smit (P27886)
              Paul J. Greenwald (P25368)
          Business Address & Telephone:
              Bridgewater Place, P.O. Box 352
              Grand Rapids, MI  49501-0352
              616) 336-6000

*6010410_1.DOCX*