UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRADLEY KEITH SLEIGHTER

                Plaintiff,         Case No. 1:12-cv-001008

v                                      Hon. Gordon J. Quist
                                      U.S. District Judge

KENT COUNTY JAIL
ADMINISTRATOR, (KENT COUNTY
CORRECTIONAL FACILITY),         Hon. Ellen S. Carmody
                Defendant.        U.S. Magistrate Judge

---

Bradley Keith Sleighter  (**In Pro Per**)        Kimberly A. Koester (P48967)
82 50th SW, Apt. 323                           Ronald W. Chapman (P37603)
Wyoming, MI 49548                              CHAPMAN AND ASSOCIATES, P.C.
                                                           Attorneys for Corizon Medical Services
Paul J. Greenwald (P25368)                 40950 N. Woodward Avenue., Suite 120
Peter A. Smit (P27886)                           Bloomfield Hills, MI 49304
VARNUM LLP                                         (248) 644-6326
Attorneys for Defendant Kent County Jail
Administrator (Kent County Correctional Facility)
Bridgewater Place
333 Bridge Street NW
P.O. Box 352
Grand Rapids, MI 49401-0352
(616) 336-6000

---

## BRIEF IN RESPONSE TO PLAINTIFF'S
## MOTION TO FILE AMENDED COMPLAINT

      The Defendants oppose the Plaintiff's motion to file a First Amended Complaint under an argument of futility.  The Plaintiff has put the cart before the horse in this matter.  On March 13, 2013, Plaintiff filed a motion to certify this matter as a Class Action (Doc. #18).  The Defendants have already filed a response in opposition to that motion on April 3, 2013 (Doc. #21).  For the reasons set forth in that response, the Plaintiff's motion for Class Action certification should not

be granted. The proposed First Amended Complaint (Doc. #27-1) is part of that request. It also seeks injunctive relief which cannot be granted because the Plaintiff is not an inmate at the Kent County Correctional Facility any more. He was released on November 15, 2012 as stated in paragraph 2 of his proposed First Amended Complaint (Doc. #27-1). He is not entitled to injunctive relief as he is no longer an inmate. *Cockcroft v Kirkland*, N.D. Cal 2008, 548 F. Supp 2d 767; *Smith V Cooper*, C.A. 7(Ill.)2003, 83 Fed Appx. 837, 2003 WL 23095527. In effect, Plaintiff now seeks to circumvent case law by seeking to become the class representative for unknown and unnamed inmates who are not similarly situated (they are inmates and he is not). The proposed First Amended Complaint is to support the Plaintiff's motion for Class Action Certification. Class action status should not be granted for the reasons set forth in Defendants brief in opposition (Doc. #21). Therefore, the amendment would be futile.

When leave to amend is sought the Court should deny leave upon showing of futility of amendment. *Wilkerson v Shineski*, 606 F 3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan V Manager, Dept. Safety City and Cnty of Denv.*, 397 F. 3d 1300 (10th Cir. 2005)). If the proposed complaint would not withstand a motion to dismiss, leave should not be granted. *Warner v Bank of Am*, N.A., 637 F. Supp 2d 944 (D. Kan. 2009). When determining if an amendment is futile the Court should analyze it under the standards of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Collins v Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007) (citing *Sheldon v Vermonty*, 204 F.R.D. 675, 682 (D Kan. 2001)).

## DISCUSSION

Mr. Sleighter's principal goal in this lawsuit seems to be to obtain a ruling from this Court changing the policy of the Kent County Correctional facility and the medical care contractor at the Facility concerning the administration of medications at the Facility. The motion for Class

Certification (Doc. #18) and this proposed Amended Complaint (Doc. #27-1) all are clearly aimed at that goal. However, since he was released on November 15, 2012, the case law says that as an individual he is not entitled to injunctive relief. He could pursue a claim for compensatory damages as alleged in his original complaint, but has ignored that for all practical purposes. He has concentrated his efforts on becoming the lead Plaintiff in a proposed class action. The brief we have filed in response to that motion (Doc. #21) shows that he is not able to properly be that class representative even if there was a valid reason for such certification. For that reason the proposed amended complaint is a futile effort as it would do nothing to enhance his ability to pursue his remaining personal claims and it would complicate, drag out and make the case more expensive for everyone while seeking a remedy he is not entitled to receive.

      For those reasons the Defendants would ask the Court to deny the Plaintiff's motion to file an amended complaint.

                              Respectfully submitted,

                              VARNUM LLP
                              Attorneys for Defendants

Dated: May 6, 2013                By: /s/ Paul J. Greenwald
                                    Paul J. Greenwald (P25368)
                              Business Address and Telephone:
                                    Bridgewater Place, P.O. Box 352
                                    Grand Rapids, Michigan 49501-0352
                                    (616) 336-6000

## **CERTIFICATE OF SERVICE**

      I certify that on May 6, 2013, the foregoing document was served on Bradley Keith Sleighter by placing a true and correct copy in the United States mail, postage prepaid, to his address of record at Bradley Keith Sleighter, 82 50th SW, Apt. 323, Wyoming, MI 49548.

      By: /s/ Paul J. Greenwald
      Paul J. Greenwald (P25368)
      Business Address & Telephone:
      Bridgewater Place, P.O. box 352
      Grand Rapids, MI 49501-0352
      (616) 336-6000

*6101968_1.DOCX*