UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRADLEY SLEIGHTER,

        Plaintiff,                                Hon. Gordon J. Quist

v.                                           Case No. 1:12-CV-1008

KENT COUNTY JAIL
ADMINISTRATION, et al.,

        Defendants.
_____/


**<u>ORDER</u>**

This matter is before the Court on <u>Plaintiff's Motion to Certify Class</u>, (dkt. #18), and <u>Plaintiff's Motion to Amend Complaint</u>, (dkt. #27).  For the reasons discussed below, Plaintiff's motions are both **denied**.

Plaintiff initiated this action on September 20, 2012, against the Kent County Jail Administration and Corizon Medical Services, the latter having since been dismissed from this action. Plaintiff alleges that during his incarceration in the Kent County Jail he was not permitted to take opioid medication prescribed to him by his physician in violation of his "right to receive medical treatment." Plaintiff now moves to certify this matter as a class action.

Pursuant to Federal Rule of Civil Procedure 23(a), the requirements for a class action are as follows: (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Even if these requirements are satisfied, Plaintiff must further satisfy the requirements of Rule 23(b) which provides that "[a] class action may be maintained if Rule 23(a) is satisfied" and: (1) prosecuting separate actions would create a risk of inconsistent or varying adjudications or would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b).

Plaintiff has failed to establish that the class is so numerous as to make joinder impracticable. While there exists "no strict numerical test" regarding this requirement, Plaintiff must demonstrate that there exist a "substantial" number of potential class members. *Arlington Video Productions, Inc. v. Fifth Third Bancorp*, 2013 WL 560635 at *13 (6th Cir., Feb. 14, 2013) (citation omitted). Moreover, "impracticability of joinder must be positively shown, and cannot be speculative." *Id.* (citation omitted). Plaintiff has neither demonstrated that there exist a substantial number of potential class members or that joinder of any claims these individuals may have is not practical. Instead, Plaintiff appears to argue that every inmate of the Kent County Jail is a potential class member and because the Kent County Jail incarcerates a lot of people this requirement is satisfied. The Court disagrees.

Plaintiff has likewise failed to demonstrate that he, as the proposed representative party, can fairly and adequately protect the interests of the class. Plaintiff is proceeding without benefit of counsel in this matter, a circumstance which Plaintiff asserts is of no consequence as he is "capable of such litigation and can meet the requirements of 'adequacy' other than the provision of 'experience.'"

As the Sixth Circuit has recognized, however, "non-attorneys proceeding pro se cannot adequately represent a class." *Ziegler v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir., Jan. 23, 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *see also*, *Gordon v. Biden*, 606 F.Supp.2d 11, 12 n.1 (D.D.C. 2009); *Wang v. Schroeter*, 2011 WL 6148579 at *2 n.7 (D. Mass., Dec. 9, 2011).  Plaintiff has, furthermore, failed to satisfy the requirements of Rule 23(b).  Accordingly, Plaintiff's motion for class certification is **denied**.

In his motion to amend his complaint, Plaintiff states that his proposed amended complaint "is the basis for his motion to certify [this matter] as [a] class action. . .therefore, in all reality that would make his [proposed] amended complaint moot if the motion for class certification is denied." For the reasons discussed above, Plaintiff's motion for class certification is denied.  Accordingly, Plaintiff's motion to amend his complaint is likewise **denied**.

IT IS SO ORDERED.

Date:  May 22, 2013                                     /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge