FILED - GR
July 29, 2013 11:08 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _MKC /_____ SCANNED BY _JM, 7/8g_

United States of Ame
United States District Court
for the Western District of Michigan

Bradley Keith Sleighter
                Plaintiff,      Case No. 1:12-cv-1008
                                Honorable G.J. Quist
V.

Kent County Jail              Honorable E.S. Carmody
Administration et al.,      US Magistrat Judge
                Defendants

## Motion to Supplement Complaint with Brief.

1. Plaintiff filed the original complaint on September 20th, 2012.

2. The Court filed a Standard Case Management Order in this matter December 31, 2012.

3. Plaintiff was released from the Kent County Jail on November 15, 2012.

4. Plaintiff was reincarcerated in the Kent County Jail on June 3rd, 2013.

5. Defendants have engaged in actions that do not constitute a different claim separate than of Plaintiff's original claim, but have repeated the violation of Plaintiff's civil rights in the same

1.

way his rights were violated begining with his prior incarceration on January 16, 2012.

   A. Plaintiff's orginal complaint claims the Kent County Jail Administration has a policy which prohibited him from receiving his prescribed medication for pain.

   (i) As a result of him being denied his pain medication he experienced a painfull and dangerous withdrawl sydrome lasting over 30 days and that he suffered both physically and psychologically because of their policy, which was the cause of him not receiving his pain medication.

6. Plaintiff was released from jail on November 15, 2012 and was later prescribed pain medication for his ongoing medical condition (chronic).

   A. Plaintiff has been on his new pain medication for a number of months prior to being incarcerated on June 3rd, 2013 in the Kent County Jail.

   B. Upon arrival at the jail he informed the medical department of the pharmacy where he had received his medications prior to his current incarceration.

   C. With in a few days the Plaintiff received 2 of the medications he had been prescribed by his doctor and

2.

was taking on a regular basis for his health conditions.

D. Plaintiff received his medication for his high blood-pressure.

E. Plaintiff received a Controled Substance prescribed for a "Sleep Disorder."

F. Plaintiff did not receive his pain medication (a non-controlled substance).

(1) He was informed that the pain medication, though it is not a Controled Substance under State or Federal Law, was prohibited by the Kent County Jail policy which prohibits other pain medications, and that he would not receive it while in Kent County Jail or any other prescription pain medications

7. Plaintiff seeks leave from this Court to supplement his original complaint because he has and now is suffering both physically and psychologically as as result of being denied his pain medication, once again, as a result of the defendants illegal policy denying me my pain medication.

A. The pain medication I was prescribed by my primary care doctor is approved by the U.S. Food and Drug Administration for the treatment of pain.

B. My doctor is a licensed medical

3.

doctor in good standing with the State of Michigan and is licensed to prescribe me the drug in question.

C. Kent County Jail's policy of prohibiting me the pain medication I had been taking prior to this current incarceration can show no compelling governmental interest in denying me this drug as well as the medication I was denied which iniciated my original complaint.

D. Plaintiff claims that because he is currently receiving a Controlled Substance at the KCJ, by their medical provider, this seems to pose no problems to the KCJ policy and governmental interests;

(1) that the medication for pain that he is being denied is not a Controlled Substance therefore one is led to believe

(2) that this denial which is governed by the jails policy is intended to make him suffer pain and pschological agony while incarcerated, because there could be no possible compelling governmental interest in denying him a drug that the U.S. Drug Enforcement Administration has not classified as a drug of concern while he receives a drug which is a Controlled Substance under Michigan Controlled Substance Act and the U.S. Federal Controlled Substance Act on

4.

a daily basis. with no reservations by KCJ.

E. Plaintiff believes that any reasonable jury would conclude by direct evidence or inference that the jails policy is a violation of his civil rights and that it's sole purpose is to inflict wanton pain and suffering upon him and if the Defendant's claim that they were unaware of this violation of his rights, they should have been aware.

8. Plaintiff respectfully requests that the Court accept this Motion and Brief in hopes that it meets the requirements of FRCP 15(d).

A. Plaintiff has no access to any legal resources and relies on his newly acquired knowledge of jurisprudence as a pro se litigan and his memory of FRCP.

B. Plaintiff prays that the Court give him some degree of laditude in his proceedures of filing until, at least, when he is released. and has access, once again to the neccessary means to fairly proceed in this litigation.

Dated: July 23rd, 2013

Brad Sleighter
BRAD Sleighter.

5

# Certificate of Service.

I, Brad K. Sleighter, Plaintiff, certify that on July 22nd, 2013 I place a true and correct of Motion to Supplement Complaint with Brief (case no. 1:12-cv-1008) in the hands of an employee at the Kent County Jail to be mailed by U.S. mail, postage prepaid, and mailed to the attorneys for the Defendant, Varnum LLP, address of record, on this 22nd day of July 2013.

Brad Sleighter
Brad Sleighter

6.