UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRADLEY KEITH SLEIGHTER

          Plaintiff,          Case No. 1:12-cv-001008

v          Hon. Gordon J. Quist
          U.S. District Judge

KENT COUNTY JAIL
ADMINISTRATOR, (KENT COUNTY
CORRECTIONAL FACILITY),          Hon. Ellen S. Carmody
          Defendant.          U.S. Magistrate Judge

---

Bradley Keith Sleighter  (**In Pro Per**)
Kent County Correctional Facility
703 Ball Avenue NE
Grand Rapids, MI 49503

Kimberly A. Koester (P48967)
Ronald W. Chapman (P37603)
CHAPMAN AND ASSOCIATES, P.C.
Attorneys for Corizon Medical Services
40950 N. Woodward Avenue, Suite 120
Bloomfield Hills, MI 49304
(248) 644-6326

Paul J. Greenwald (P25368)
Peter A. Smit (P27886)
VARNUM LLP
Attorneys for Defendant Kent County Jail
Administrator (Kent County Correctional Facility)
Bridgewater Place
333 Bridge Street NW
P.O. Box 352
Grand Rapids, MI 49401-0352
(616) 336-6000

---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. FACTS AND ISSUES

The Plaintiff filed a complaint on September 20, 2012 (Doc. #1), which alleges that he was taking medication before he was incarcerated at the Kent County Correctional Facility in January, 2012.  He states that the medication was an opiate/narcotic based medication known as

Methadone.  He states that upon being incarcerated at the Kent County Correctional Facility he was not given that medication because of the policy that does not allow dispensing or use of such opiate/narcotic based medications.  He states that he suffered pain and medical conditions due to withdrawal from the medication that he had been taking and seeks monetary damages and injunctive relief.

The lawsuit is brought under 42 USC 1983, and the theory is that of deliberate indifference to Plaintiff's medical needs.  Even the Plaintiff's complaint (Doc. #1), however, concedes that the Plaintiff was not denied medical care, but rather claims that he was not given a specific medication (Methadone).  His complaint further concedes that he was given and/or had available other medications.  The claim set forth in the complaint is more in the nature of a medical malpractice claim because there is a dispute over the type of care or medication needed rather than a claim of deliberate indifference or denial of medical care and treatment.

Defendants submit the affidavit of Captain Randy Demory (*Exhibit 1*) in support of this motion.  Captain Demory states that the Defendant consulted with its medical contractor and determined and vetted the list of available medications at the Correctional Facility are sufficient to meet the needs of inmates.  Furthermore, if treatment or medication is needed which is not available, the medical professionals would order the transfer of the inmate to a hospital or facility where such treatment or medications are available.

The Defendants also submit the affidavit of Dr. Nasim Yacob, M.D. (*Exhibit 2*).  He is a physician working at the Kent County Correctional Facility for its medical contractor.  He states that the available medications are sufficient to treat the inmates and confirms that if medication or treatment which is needed is not available at the Correctional Facility, the inmate would be ordered to a hospital or care facility where it was available.

Furthermore, the deposition of Mr. Sleighter was taken on April 9, 2013, and his own statements under oath in that deposition will confirm that this is a dispute over the nature and type of medical care and not a denial of medical care case.

## II. STANDARD OF REVIEW

### Dismissal under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations as true and construe them in the light most favorable to Plaintiff. *See Zinermon v. Burch,* 494 U.S. 113, 117 (1990); *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). In stating the standard for a motion to dismiss, often courts rely on the language of *Conley v. Gibson,* wherein the U.S. Supreme Court stated that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff *can prove no set of facts in support* of his claim which would entitle him to relief." 355 U.S. 41, 45-56 (1957). The Supreme Court, however, has revisited this language in *Bell Atlantic Corporation v. Twombly,* 500 U.S. 544, 127 S.Ct. 1955 (2007), and rejected it. "The 'set of facts' language has been questioned, criticized, and explained away long enough…[it] is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 127 S.Ct. at 1969.

Instead, the Supreme Court explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegation[,]… a plaintiff's obligation to provide the 'grounds' of his 'entitlement of relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

As construed by the Supreme Court, the deliberate indifference standard involves both an objective and subjective component. *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L. Ed. 2d 271 (1991). The objective component required the Plaintiff to prove the existence of "sufficiently grave deprivation," such as a "serious medical need." *Berryman v. Rieger,* 150 F.3d 561, 566 (6th Cir. 1998); *Rodgers v. Jabe,* 43 F.3d 1082 (6th Cir. 1995). To satisfy the subjective component, the Plaintiff must show that the officials being sued had "a sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L. Ed. 2d 811 (1994). A "sufficiently culpable state of mind" is one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* At 837. In this regard the *Farmer* Court equated the requisite state of mind with "criminal recklessness." *Id.* Although the Plaintiff bears the onerous burden of proving the official's subjective knowledge, this element is "subject to demonstration in the usual ways, including inference from circumstantial evidence." *Id.* At 842. Moreover, the *Farmer* Court indicated that the "fact finder may conclude that a prison official knew of a substantial risk from the very fact that the rise was obvious." *Id.*

### III. THE PLAINTIFF HAS FAILED TO STATE A CLAIM OVER WHICH THIS COURT HAS JURISDICTION

The Plaintiff's claim, based upon the complaint which he filed (Doc. #1), is that he was prescribed or taking a drug before he was incarcerated. This was an opiate/narcotic based drug known as Methadone. The policy of the Kent County Correctional Facility is not to allow or administer opiate/narcotic based drugs in the Correctional Facility for security reasons. As a result, he was not given Methadone by the medical staff. Instead he was offered a withdrawal

protocol by the medical staff which he turned down (*Exhibit* 3, Sleighter deposition page 65-78, and Exhibits 10-16 attached to the deposition).

As a result, Mr. Sleighter states that he experienced withdrawal symptoms from not receiving Methadone. He does not state that he was not given medical care, nor does he state that he was not provided with medication. His claim is that he was not given one specific drug (Methadone) which he wanted. He turned down treatment that would have addressed and helped him with withdrawal symptoms. This is not a denial of medical care case. It is a dispute over the type and nature of medical care provided. In effect, he is alleging medical malpractice. This is a Tort claim, not a federal rights issue.

In this case, there is no diversity jurisdiction as all parties to this lawsuit are located in the State of Michigan and within the geographic area of the United States District Court for the Western District of Michigan. The Tort of medical malpractice would be governed by Michigan state law. Even if this Court had concurrent jurisdiction with the State Courts, the Plaintiff has failed to comply with the notice provisions, the medical affidavit provisions, and other provisions of the Michigan law which would be required to bring a medical malpractice action under Michigan law. Finally, the Kent County Jail Administration is not a medical practitioner or licensed medical entity against whom a medical malpractice case could be brought.

### IV.  PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR WHICH A REMEDY CAN BE GIVEN

As has been previously stated above, this is not a case of deliberate indifference to medical needs or a denial of medical care. In his deposition, Mr. Sleighter says that he told the medical staff at intake that he had been taking Methadone for about five or six years for back pain. He states that he was advised that he could not receive Methadone at the Correctional Facility. He also discussed the possible withdrawal concerns with the medical staff (*Exhibit* 3,

Sleighter Deposition, pages 55 – 58).  He was offered a drug withdrawal protocol but declined it (*Exhibit 3*, Sleighter deposition, pages 65 – 78 and Exhibits 10 – 16 attached to the deposition). He was offered and prescribed Motrin for this back pain but he chose not to take that medication (*Exhibit* 3, Sleighter deposition, pages 62 – 64).  A reading of pages 55 – 82 of Plaintiff's deposition shows that he was seen by medical staff, offered or given medical treatment, or declined medical treatment on numerous occasions.  He states he received insufficient or improper medical treatment (*Exhibit* 3, Sleighter deposition, page 82, lines 12 -15).

In fact, the Plaintiff has admitted that this is a dispute over the type of care and the particular medications he was offered and given.  No one ignored his needs or denied him medical care.  He wanted Methadone and nothing else would do in his mind.

## V.  CONCLUSION

There is no factual basis upon which the Court could find that the Plaintiff was denied medical care or medication while an inmate at the Kent County Correctional Facility.  There is no evidence of the required deliberate indifference or failure to provide care.  The facts, admitted by the Plaintiff himself, show he was seen by medical staff, was given and offered various medical treatments, and generally did well.  The Plaintiff has been a long term user of Methadone for both addiction and pain relief.  The dispute in this case is if his constitutional rights were violated because he was provided with different medications or medical treatments than he wanted.  That is a matter of professional medical standards of practice and treatment.  It is clear that if the medical staff did not feel he could be adequately and properly cared for he could be sent to a hospital or facility where he could get such care.  This is a dispute over his desire to be administered an addictive drug that he has used for various reasons for a number of years.  This is a claim over the nature or quality of care, not the denial of care.

There are often many different types of care for the same condition.  They all can be effective.  That is what was going on in this situation.

In this case, the facts do not show the existence of a "sufficiently grave deprivation" of a "serious medical need."  *Berryman v Rieger*, supra; *Rodgers v Jabe*, supra not a "sufficiently culpable mind"; *Farmer v Brennan*, supra needed to establish a deliberate indifference to Plaintiff's medical needs.  This case should, therefore, be dismissed.

                                            Respectfully submitted,

                                            VARNUM LLP
                                            Attorneys for Defendant Kent County Jail Administrator (Kent County Correctional Facility)

Dated: August 15, 2013                By:  /s/  Paul J. Greenwald
                                                    Paul J. Greenwald (P25368)
                                            Business Address and Telephone:
                                               Bridgewater Place, P.O. Box 352
                                               Grand Rapids, Michigan 49501-0352
                                               (616) 336-6000

*6373028_1.DOCX*