FILED - GR
August 30, 2013 10:43 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY aid /_____  SCANNED BY: ____

# UNITED STATES OF AMERICA
# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

        Plaintiff,

                                                       Case No. 1:12-cv-1008

                                                       Honorable Judge:
                                                       GORDON J. QUIST

v.

KENT COUNTY, by and through the
 KENT COUNTY JAIL ADMINISTRATION,

        Defendants.

# EXPEDITED CONSIDERATION REQUESTED
# OF

# MOTION AND BRIEF IN SUPPORT OF LEAVE OF COURT TO FILE A SECOND AMENDED COMPLAINT
# AND
# RENDER MOOT HIS MOTION FOR LEAVE OF COURT TO FILE A SUPPLEMENT TO HIS COMPLAINT

## LEGAL STANDING IN SUPPORT OF EXPEDITED CONSIDERATION AND HIS POSITION IN SUPPORT OF THE MOTION

       The Plaintiff relies on Local Civil Rule 7.1(e), which states: "Where the relief requested by a motion may be rendered moot before the motion is briefed in accordance with the schedules

41  set forth herein, the party shall so indicate by inserting the phrase "EXPEDITED
42  CONSIDERATION REQUESTED," in boldface type, below the case caption, and shall identify
43  in the motion the reason expedited consideration is necessary".

44      Plaintiff's Motion to expedite consideration of his Motion to <u>Leave to File a Second</u>
45  <u>Amended Complaint</u> should be freely given as it will render moot his <u>Motion for Leave of Court</u>
46  <u>to Supplement Complaint</u> (Doc. #41), and will not be prejudicial nor produce any undue burden
47  upon the Defendants; it will benefit them equally, as well.

48      Though, Local Rule 7.1(e), states that this provision is to prevent a motion from
49  becoming rendered moot as a result of other actions before the Court being ruled on first, the
50  Rule is not written in stone, as to be so rigid, that it's granting would be considered a procedural
51  error, nor would its granting prejudice the Defendant's position in any of the current cases before
52  the Court. The Honorable Court has full discretion as to when and how they chose to apply the
53  Rule.

54      Plaintiff agrees that he does not have any current action before the Court that would
55  render this Motion moot if this Motion was not granted, but he has requested this expedited
56  consideration to allow, and grant the Magistrate Judge, who has a unique position to appreciate
57  the Plaintiff's efforts to conserve Judicial Economy, and grant this <u>Motion for Leave of Court to</u>
58  <u>File a Second Amended Complaint</u>; to be ruled on, first, so that if leave is granted his <u>Motion for</u>
59  <u>Leave to Supplement Complaint</u> would be unnecessary since his Second Amended Complaint
60  will incorporate the information he seeks to supplement his complaint with. Therefore, ruling on
61  his <u>Motion for Leave to Supplement Complaint</u>, would serve no purpose.

62

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE A SECOND AMENDED COMPLAINT

## ARGUMENT

### The Efficient Administration of Justice Requires That Plaintiff be Given Leave to File a Second Amended Complaint

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires." This standard is readily met here, as the more detailed description of issues the Plaintiff brings to bar in the Second Amended Complaint narrows the scope of the issues presented in this litigation and will prevent the Court's time from being wasted at trial; preserving Judicial Economy.

### Defendants Will Not Suffer Substantial Prejudice

### There Is No Other Reason Plaintiff Should Not Be Given Leave to Amend

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). **The Sixth Circuit** applies a balancing test of these factors, which turns on *substantial prejudice* to the opposing party. *See, e.g.*, *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 256 (6th Cir. 1983); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (**6th Cir. 1973**).

No such prejudice exists here. The facts described in the (Proposed) Second Amended Complaint are well known to Defendants, because they have addressed a variety of Plaintiff's filings and disposed Plaintiff, addressing his Original Complaint.

3

85    Similarly, none of the other *Foman* factors are present. **The Sixth Circuit** has allowed

86    amendments even after the expiration of discovery and after the time for amended pleadings in

87    the scheduling order. *See, e.g., United States v. Wood*, 877 F.2d 453, 456 (**6th Cir**. 1989)

88    (allowing United States to add a claim fourteen months after suit was filed, after discovery had

89    closed, and three weeks before trial). The Second Amended Complaint does not add any new

90    causes of action, but rather more clearly describes the issues at bar, and which the Defendants

91    seem to not understand, what the causes of action, identified in the original complaint, are at bar.


92
93    None of the factors that may militate against granting a motion to amend is present in this

94    case. Thus, there should be no undue delay in Plaintiff's request to amend. The newly alleged

95    facts were entirely unknown – and, in fact, not in existence – at the time the Plaintiff filed his

96    original complaint. Plaintiff is not seeking the amendment in bad faith or with a dilatory motive.

97    The interests of justice and judicial economy will undoubtedly be served by having all

98    allegations properly before the Court as set forth in Plaintiff's proposed Second Amended

99    Complaint. The amendment is narrowly tailored to reflect the present circumstances and

100   Plaintiff's present understanding of the case. In so doing, the litigation can more effectively

101   proceed on its merits; *per se*. Defendants will not suffer any undue prejudice by virtue of the

102   Court's allowance of the proposed amendment. The determination of whether prejudice would

103   occur often includes assessing whether allowing an amendment would result in additional

104   discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot

105   be prejudiced, or caught off guard, by the new facts alleged by the Plaintiff in his proposed

106   amendment, since the Defendants have first-hand knowledge of the roles that they played in the

107   transactions at issue. The proposed amended complaint does not involve the addition of any new

108  defendants, set forth any new claims, or raise any new legal theories. No prejudice would result

109  to Defendants in allowing the amendment under these circumstances.

110  ## CONCLUSION

111      For the above reasons, Plaintiffs' <u>Motion for Leave to File a Second Amended Complaint</u>

112  should be granted. Accordingly, in the interest of justice, this Court should grant Plaintiff's

113  motion for leave to file the proposed amended complaint, with expedited consideration. The

114  granting of this motion is particularly appropriate here, given the clear absence of any substantial

115  reason to deny leave to amend.

116

117  Respectfully Submitted:  August 28, 2013.

118

119
120
121  ## CERTIFICATE OF SERVICE

122      I, the Plaintiff, certify that I have delivered to the Defendant's Attorney of record,

123  Varnumn LLP, a true and correct copy of this Brief by electronic means through the internet to

124  the email address of record, <u>pigreenwald@varnumlaw.com</u> and also to the U.S. District Court for

125  the Western District of Michigan on this 30th, day of August, 2013

126

127      .

128      Bradley Keith Sleighter
129      82 50th Street S.W., Apt. 323
130      Wyoming, Michigan 49548
131      Email: bradsleighter@gmail.com
132