FILED - GR
September 23, 2013 11:11 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __af__/____ SCANNED BY __/__

# UNITED STATES OF AMERICA
# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

BRADLEY KEITH SLEIGHTER

      Plaintiff,

Case Number: 1:12-cv-1008

v.

The Honorable Gordon J. Quist,
Presiding U.S. District Court Judge.

KENT COUNTY, by and through the
KENT COUNTY CORRECTIONAL FACILITY
ADMINISTRATION

      Defendants.

The Honorable Ellen S. Carmody,
Presiding Magistrate Judge.

## RESPONSE TO DEFENDANT'S RESPONSE (OBJECTION [Doc. # 61]) TO REASSIGN CASE TO ONE CONTROLLING JUDGE

Plaintiff presented a clear, logical and concise foundation upon which his Motion and Brief in Support of the Reassignment of Two Pending Civil Actions to One Controlling Judge and One Controlling Magistrate (Doc. # 56 and 57) and should be granted. Plaintiff relies and maintains his position for the granting of his Motion, *supra*, docket number 56 and 57.

Plaintiff has no means to compel the Court in his favor or case law to back his position outlined in his Motion and Brief, *supra*. He has presented the Honorable Court with an option to

33  advance and further insure judicial economy and maintain the interests of justice; doing so in

34  good faith; relying on its logical and correct presentation.

35      Plaintiff as a *pro se* litigant, new to civil jurisprudence, and not sufficiently familiar with

36  this Court, has merely pointed out to the Defendants (See, Defendant's Exhibit #1[Doc. # 61])

37  that they should consider an alternative resolution as opposed to presenting their defeasible,

38  deficient, perfunctory and legally undeveloped defense *sub judice*. The Plaintiff denies that his

39  Motion to Reassign... is "Judge Shopping", and that he is "seeking to change horses in mid-

40  stream"; as he is unfamiliar with such legal idiomatic terminology.

41      The Plaintiff's comment as to his "[being] blessed with the appointment of the Honorable

42  Judge Janet T. Neff" is nothing more than as if he had expressed the same comment concerning a

43  position the U.S. President, Senator, the Governor, or anybody else who had taken a public stand

44  which the Plaintiff found favorable. He, as naïve as the Defendants perceive him to be, thought

45  that he had the right to express his opinions. After all, is not that the reason we, as citizens of a

46  Democracy, vote for the party we want to win? Therefore, is it not logical to think that the

47  Plaintiff would be pleased to have a judge appointed to his litigation, who had made a public

48  stand against similar violations of federal law, that he seeks vindication for?

49      The Defendants continue to argue against One Controlling Judge and One Controlling

50  Magistrate presiding over the five § 1983 complaints, which the Plaintiff is prosecuting them for.

51  They claim that "with the diverse parties and subject matters…" reassignment would not be

52  proper and that "the Plaintiff is clearly seeking to 'change horses in mid-stream' … to avoid the

53  Court making rulings on the pending motions". (See case no. 1:12-cv-0763 [Doc. # 29 and 49]

54  and case no. 1:12-cv-1008 [Doc. # 47 and 48]).

2

55    The Defendants state in, docket number 61, page 2, Response to the Plaintiff's Motion to

56    Reassign... that: "These five lawsuits have different parties" and "With the diverse parties and

57    subject matters, consolidation or joinder would not be proper." Plaintiff restates the following:

58    1). all five § 1983 complaints, commenced with his incarceration January 16th, 2012 through

59    November 15th, 2012, and again from June 3rd, 2013 until August 19th, 2013, in the Kent County

60    Correctional Facility, 2). all five, name the same Defendants: the Kent County Correctional

61    Facility Administration; which is Captain Randy Demory and Under Sheriff Jon Hess and has

62    been self authenticated by the Defendants, 3). all five complaints involve common questions of

63    Federal Law, 4). all the complaints commenced with case number 1:12-cv-0763 and each

64    subsequent § 1983 complaint filed was spurred by the prior bad actions, *malum in se*, on the part

65    of the Defendants and that, 4). all five § 1983 complaints are so interrelated that for all practical

66    purposes, as well as insuring judicial economy and in the interest of justice, the granting of the

67    Plaintiff's Motion to have one judge preside over all five cases, should be freely granted.

68    The Plaintiff has believed that all motions, in general, are ruled on in accordance with a

69    "standard case management order", follow the Court's scheduling practices and procedures, and

70    are not affected by subsequent filings, without good cause. He has no reason to believe that any

71    Motion he filed would supersede the Defendant's Motion for Dismissal (Doc. # 47 and 48) and

72    their Motion for Summary Judgment (See, case no. 1:12-cv-0763, Doc. # 29 and 49); that the

73    reassignment outlined (Doc. # 56 and 57) would only be considered after the dispositive motions

74    were ruled on.

75    Though, the Plaintiff is accused of "Judge Shopping", as if such a possibility actually

76    exists in the U.S. District Court for the Western District of Michigan. He doubted that such a

77    practice was addressed by the Courts and was unable to find anything in the Federal Rules, Local

3

78    Rules or other sources of federal law related to the phrase, "Judge Shopping"; he was correct, he

79    found no such reference. Furthermore, he doubts that the Honorable Court would have to address

80    such allegations, since the Court determines how a case is assigned. The parties, in the name of

81    justice, should have no control, absent a court order, or in this case the granting of a motion to

82    reassign a case.

83          The Defendants have further added: "The Plaintiff is clearly seeking to 'change horses in

84    mid-stream'". He has been unable to find a definition relating to any such idiomatic legal phrase;

85    referring to "horses in streams" and really is not sure how to respond to such allusive allegations.

86    He was able to find one antiquated phrase which is appropriate here: even though, as the

87    Defendants claim, the Plaintiff seeks "to change horses' in mid-stream" at least he is not

88    "swimming upstream" in this litigation, as the Defendants are clearly doing.

89
90
## CONCLUSION

91          The Plaintiff has filed his Motion to Reassign the Cases to One Controlling Judge in good

92    faith; maintaining his persuasive standing for the reassignment, he respectfully asks the Court to

93    grant his Motion in the interest of justice and judicial economy.

94

95

96    Dated: September, 19th, 3013.
97                                Bradley Keith Sleighter/
98                                82 50th Street SW, Apt. 323
99                                Wyoming, Michigan 49548
100
101                                Phone: (616) 805-0885
102                                Email: bradsleighter@gmail.com
103
104

# **CERTIFICATE OF SERVICE**

I, the Plaintiff, certify that I have delivered to the Defendant's Attorney of record, Varnumn LLP, a true and correct copy of this Response to their Objection to the Reassignment of this Case to Judge Neff, by electronic means through the internet, to the email address of record, pjgreenwald@varnumlaw.com and to Peter A. Smit, Jon Hess, Dan Ophoff, and other publically interested parties; also to the U.S. District Court for the Western District of Michigan, 399 Federal Building, 110 Michigan NW, Grand Rapids, Michigan, 49503, on this 19th, day of September, 2013, postage prepaid, by the U.S. Postal Service.

Bradley Keith Sleighter
82 50th Street S.W., Apt. 323
Wyoming, Michigan 49548

Phone: (616) 805-0885
Email: bradsleighter@gmail.com

5