UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY SLEIGHTER,

    Plaintiff,                             Hon. Gordon J. Quist

v.                                               Case No. 1:12-CV-1008

KENT COUNTY JAIL
ADMINISTRATION, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (Dkt. #47). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

**BACKGROUND**

Plaintiff initiated this action on September 20, 2012, against the Kent County Jail Administration and Corizon Medical Services. (Dkt. #1). The following allegations are contained in Plaintiff's complaint. On January 16, 2012, Plaintiff was arrested and taken to the Kent County Jail. During the intake process, Plaintiff met with a nurse. Plaintiff informed the nurse that he was presently taking Mathadone, a narcotic pain medication. The nurse, however, informed Plaintiff that pursuant to jail policy inmates are not permitted to consume narcotic medication. Plaintiff alleges that the refusal to provide him with narcotic pain medication violated his "civil rights" and

constituted "cruel and unusual punishment." Corizon Medical Services was subsequently dismissed from this action. Defendant Kent County Jail Administration now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of

evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary*

*Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Plaintiff alleges that he was denied appropriate medical treatment. Such claims generally implicate the Eighth Amendment. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). The Eighth Amendment, however, "does not apply to pretrial detainees." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001). Pretrial detainees instead are protected by the Substantive Due Process Clause of the Fourteenth Amendment which, like the Eighth Amendment, protects against the deliberate indifference to serious medical needs. *See Watkins*, 273 F.3d at 686; *Russell v. Davis*, 2013 WL 1442518 at *2 (6th Cir., Apr. 10, 2013); *Glover v. Gartman*, 899 F.Supp.2d 1115, 1130 (D.N.M. 2012); *Daughtery v. Wilson*, 2010 WL 2605815 at *3 (S.D. Cal., Apr. 14, 2010). It is not clear whether Plaintiff was a "prisoner" or a "pretrial detainee" during the relevant time period. The Court need not resolve this particular issue, however, as the analysis under either Amendment is identical.

The Constitution protects prisoners as well as pretrial detainees against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Watkins*, 273 F.3d at 685-86. The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

To the extent, however, that the plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, the defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429

U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not violate the Constitution); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on a denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice" does not violate the Constitution).

In support of its motion for summary judgment, Defendant has submitted the following evidence: (1) an affidavit executed by Captain Randy Demory, Jail Administrator for the Kent County Correctional Facility; (2) an affidavit executed by Dr. Nasim Yacob; and (3) the transcript of Plaintiff's deposition and several exhibits attached thereto. (Dkt. #48, Exhibits 1-3).

In his affidavit, Captain Demory asserts that Kent County contracts with "outside companies or professionals" to provide health care services at the Kent County Correctional Facility. (Dkt. #48, Exhibit 1). Demory further asserts that "[c]onsultation with those companies and professionals has taken place to make sure that medications and pain medications sufficient to treat medical conditions that inmates may have are available for use by medical providers at the Kent County Correctional Facility." (Dkt. #48, Exhibit 1). Finally, Demory asserts that "[i]f an inmate needs medication or treatment not available at the Correctional Facility, the medical care professionals will order hospitalization or transfer to a care facility where such medication or treatment is available." (Dkt. #48, Exhibit 1).

In his affidavit, Dr. Yacob asserts that he is "one of the physicians providing medical care to inmates of the Kent County Correctional Facility." (Dkt. #48, Exhibit 2). Dr. Yacob also asserts that the "pain medications and/or other medications available and allowable for use at the Kent County Correctional Facility are sufficient to treat conditions and meet the medical needs of

inmates." (Dkt. #48, Exhibit 2). The doctor further asserts that "[i]f an inmate has a need for a medication which is not available at the Kent County Correctional Facility, this medication will be ordered from the pharmacy." (Dkt. #48, Exhibit 2). Finally, Dr. Yacob asserts that "[i]f treatment is not available at this facility, the inmate will be sent to a hospital or medical facility where treatment [is] available." (Dkt. #48, Exhibit 2).

These affidavits fail to advance Defendant's position. While Captain Demory and Dr. Yacob assert pleasant generalities, neither offers any evidence regarding the facts and circumstances presently at issue. While Plaintiff has responded to the present motion, he has failed to submit any evidence that supports his position. (Dkt. #53). Specifically, Plaintiff has simply submitted several articles regarding the possibility that an individual will suffer withdrawal symptoms if his Methadone prescription is immediately halted (as opposed to gradually reduced). Like the affidavits from Captain Demory and Dr. Yacob, these articles speak only in general terms and shed no light whatsoever on the particular facts and circumstances presently at issue. Thus, Defendant's motion for summary judgment rests entirely on Plaintiff's deposition and the exhibits attached thereto.

It is important to note that in his complaint, Plaintiff only takes issue with the decision to not provide him with narcotic medication upon his initial processing into the Kent County Jail. Plaintiff's complaint contains absolutely no allegations concerning any subsequent events. In his complaint, Plaintiff specifically alleges that

> Upon intake. . .I did not see a doctor and I did not receive my medication. I was involuntarily forced into a painful opioid withdrawal syndrome which lasted close to 1 month.

(Dkt. #1).

The evidence submitted by Defendant, however, reveals that Plaintiff, during his processing into the Kent County Jail, refused both a physical examination and medication. (Dkt. #48, Exhibit 3 at 38-44 of 68). This evidence further reveals that, during his processing into the Kent County Jail, Plaintiff appeared to be in good health and "denied having any withdrawal concern." (Dkt. #48, Exhibit 3 at 38-46 of 68). Plaintiff did not testify to the contrary during his deposition. (Dkt. #48, Exhibit 3 at 17-22 of 68). Furthermore, despite the fact that Plaintiff expressed no withdrawal concern when being processed into the Kent County Jail, Plaintiff acknowledged at his deposition that he was nevertheless monitored for signs of adverse reaction to Methadone withdrawal. (Dkt. #48, Exhibit 3 at 18, 23 of 68). There is no evidence that Plaintiff ever suffered any Methadone withdrawal symptoms or that any such symptoms were not promptly and adequately addressed.

Rather than being denied appropriate treatment, Plaintiff, as he conceded at his deposition, simply disagreed with the specific treatment he was to receive while in jail. As previously noted, however, to the extent Plaintiff disagrees with the treatment he received or asserts that he received negligent care, such simply fails to implicate the Eighth Amendment. Defendant has demonstrated that, with respect to the allegations in Plaintiff's complaint, its conduct was neither unreasonable nor jeopardized Plaintiff's health or safety. Accordingly, for the reasons articulated herein, the undersigned recommends that Defendant's motion for summary judgment be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (Dkt. #47), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  October 21, 2013

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge