UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY SLEIGHTER,

    Plaintiff,                                    Hon. Gordon J. Quist

v.                                                      Case No. 1:12-CV-1008

KENT COUNTY JAIL
ADMINISTRATION, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's Motion to Supplement Complaint, (Dkt. #41), and Plaintiff's Motion to File Second Amended Complaint, (Dkt. #55). For the reasons discussed below, Plaintiff's motions are both **denied**.

Plaintiff initiated this action on September 20, 2012, against the Kent County Jail Administration and Corizon Medical Services. (Dkt. #1). Plaintiff alleges that the refusal to provide him with narcotic pain medication, upon his incarceration in the Kent County Jail, violated his "civil rights" and constituted "cruel and unusual punishment." Defendant Corizon Medical Services has since been dismissed from this action. Plaintiff now moves to amend his complaint to assert additional claims.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint shall be "freely" given "when justice so requires." The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the

opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001).

Consideration of these factors leads the Court to conclude that amendment of Plaintiff's complaint is not appropriate. The allegations in Plaintiff's proposed amended complaint concern completely different events occurring during a separate and distinct period of incarceration at the Kent County Jail. The Court further finds that Plaintiff's motions are untimely and constitute an attempt to delay resolution of Defendant's motion for summary judgment. Accordingly, the Court finds that permitting Plaintiff to amend his complaint at this juncture would prejudice Defendant and unreasonably delay resolution of this matter. Accordingly, Plaintiff's motions to amend his complaint are both **denied**.

IT IS SO ORDERED.

Date:  October 21, 2013                                           /s/ Ellen S. Carmody
                                                                                        ELLEN S. CARMODY
                                                                                        United States Magistrate Judge