UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BRADLEY SLEIGHTER,

      Plaintiff,

v.

      Case No. 1:12-CV-1008

      HON. GORDON J. QUIST

KENT COUNTY JAIL ADMINISTRATION,

      Defendant.
_____/

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

      Plaintiff, Bradley Sleighter, has filed Objections to Magistrate Judge Ellen Carmody's October 21, 2013 Report and Recommendation (R & R) (dkt. # 66), recommending that the Court grant Defendant's motion for summary judgment on Plaintiff's claim that Defendant was deliberately indifferent to his medical needs.  The magistrate judge concluded that the evidence, construed in a light most favorable to Plaintiff, fails to show that Plaintiff was denied appropriate medical treatment.  In addition, Plaintiff has appealed the magistrate judge's order denying Plaintiff's motions to amend his complaint.

      For the reasons set forth below, the Court will overrule Plaintiff's Objections and deny his appeal of the magistrate judge's order.

*Plaintiff's Objections*

      Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After

conducting a *de novo* review of the R & R, the Court will adopt the R & R and overrule Plaintiff's Objections.

Plaintiff was incarcerated in the Kent County Jail in 2012. Although Plaintiff had a prescription for methadone to relieve his back pain, Defendant did not permit Plaintiff to use methadone during his incarceration. Plaintiff alleges that he suffered withdrawal symptoms during the first month of his incarceration, and that he suffered back pain thereafter. Plaintiff's objections concern the magistrate's findings and conclusions related to his withdrawal symptoms.

Plaintiff objects to the magistrate's statement that it is not clear whether Plaintiff was a prisoner or a pretrial detainee during the relevant time period. As the magistrate explained, the Constitution affords prisoners and pretrial detainees analogous protection against deliberate indifference to serious medical needs. *See Linden v. Washtenaw County*, 167 Fed App'x 410, 415 (6th Cir. 2006) (internal citations omitted). Because the Constitutional analysis for deliberate indifference claims is the same regardless of whether Plaintiff is classified as a prisoner or pretrial detainee, it is not necessary to determine the appropriate classification.

Plaintiff next raises objections related to Defendant's pleadings. Plaintiff takes issue with certain statements in those pleadings, arguing that they misconstrue the evidence. Plaintiff further claims that the magistrate relied on errors in Defendant's pleadings, and did not give equal consideration to Plaintiff's pleadings. Contrary to Plaintiff's assertion, however, the magistrate did not take Defendant's pleadings at face value. Rather, the magistrate noted the weaknesses in each party's arguments, and reached a conclusion based on the evidence presented.

Plaintiff next objects to the magistrate's consideration of certain evidence, including deposition testimony and records from the Kent County Jail. The Rules explicitly permit a court to consider deposition testimony in ruling on a motion for summary judgment. *See* Fed. R. Civ. P.

56(c)(1).  The jail records relate to Plaintiff's medical condition, and are admissible as exceptions to the hearsay rule.  *See* Fed. R. Evid. 803(6).  The records cited in the R & R, which show that Plaintiff refused a physical examination and medication, are directly relevant to Plaintiff's claims.  Accordingly, this evidence was properly before the magistrate.

Plaintiff further argues that Defendant should not be permitted to raise any argument related to its methadone withdrawal program because that program is not supported by medical research.  To the extent that this is an evidentiary objection, the Court finds that such evidence is relevant and not subject to exclusion.  If Plaintiff's argument is aimed at the merits of his claim, this is simply part of the analysis regarding deliberate indifference.

The Court agrees with the magistrate's finding that Plaintiff has not established deliberate indifference.  A Plaintiff attempting to show deliberate indifference to medical needs must show that he has a serious medical need, and that an official "knows of and disregards an excessive risk to inmate health and safety."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).  Plaintiff has not provided any evidence that jail officials were aware that he was suffering withdrawal symptoms.   When he was processed at the jail, Plaintiff refused medication and stated that he was not concerned about drug withdrawal.  (Dkt. # 48, Ex. 3 at 41, 43-44, 46.)  During the following month, when he alleges that he suffered withdrawal symptoms, he never notified the jail staff of these symptoms or asked for treatment.  (*Id.* at 19.)  Thus, Plaintiff cannot establish that jail officials knew of and disregarded risks to his health and safety.

Because Plaintiff cannot establish deliberate indifference, his other objections to the magistrate's conclusions are without merit.  Even if Plaintiff could show that he suffered withdrawal symptoms, he has not demonstrated that Defendant was even aware of these symptoms, let alone that Defendant disregarded them.  Contrary to Plaintiff's assertion, the magistrate was fully capable

of reaching this conclusion without the aid of expert testimony. Moreover, if expert testimony would have been beneficial, Plaintiff – and not the court – was responsible for presenting such testimony.

Finally, Plaintiff argues that the magistrate erred in evaluating his claim as one based on medical treatment, and that it should have been evaluated as a challenge to Defendant's policy prohibiting methadone use. A claim challenging a drug withdrawal policy is analyzed under the same deliberate indifference standard as that used to evaluate standard medical treatment claims. *See Potter v. Fraser*, No. 10-4200 (GEB), 2011 WL 2446642, at *5 (D.N.J. June 13, 2011) (dismissing an inmate's challenge to a jail's drug withdrawal policy because the inmate could not establish deliberate indifference); *Naurouth v. Southern Health Partners*, No. 1:07-CV-539, 2009 WL 3063404, at *11 (S.D. Ohio Sept. 21, 2009) (same). Because Plaintiff fails to show that Defendant was deliberately indifferent to his medical needs, his claim fails regardless of whether it is based on the treatment Defendant provided or the policy upon which that treatment was based.

## *Plaintiff's Appeal*

Plaintiff appeals the magistrate judge's October 21, 2013, Order denying Plaintiff's motion to supplement his complaint and motion to amend his complaint. A district court shall apply a "clearly erroneous or contrary to law" standard of review to nondispositive preliminary matters such as motions to amend. 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a). When examining legal conclusions under the "contrary to law" standard, a court may overturn "any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994); *see also* 32 Am. Jur. 2d Federal Courts § 143 ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

The magistrate judge found that the allegations in Plaintiff's proposed amendment concerned different events, and that amendment would prevent the Court from ruling on a pending summary judgment motion. The magistrate thus concluded that the amendment would prejudice Defendant and unreasonably delay resolution of the case, and denied the amendment on those grounds. The Court finds that Plaintiff's motions– which were filed after the conclusion of discovery and shortly before summary judgment motions were due – were untimely. Amendment at this stage would unduly delay resolution of this litigation and would prejudice Defendant. Accordingly, the magistrate judge's order was not clearly erroneous or contrary to law.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued October 29, 2013 (dkt. # 66 ) is **ADOPTED** as the Opinion of the Court and Plaintiff's Objections (dkt. # 70) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment (dkt. # 47) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Court concludes that an appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the magistrate judge's October 21, 2013, Order is **AFFIRMED**.

A separate judgment will enter.

This case is **concluded**.


Dated:  January 22, 2014              /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE